## UNGER v. UNGER.

(Supreme Court, Appellate Division, First Department.   October 25, 1912.)

HUSBAND AND WIFE (§ 283*)—ACTION FOR SEPARATION—TEMPORARY ALIMONY AND COUNSEL FEE.

A wife, suing for separation on the ground of cruelty and abandonment, is entitled to temporary alimony and a counsel fee, where the husband admits the abandonment, and the principal issue to be tried is whether she was the common-law wife of another when or before she married defendant.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1062–1073;  Dec. Dig. § 283.*]

Appeal from Special Term, New York County.

Action by Melanie Unger against Max Unger.  From an order denying a motion for alimony and counsel fee, plaintiff appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Jacob Klein, of New York City, for appellant.
M. Strassman, of New York City, for respondent.

McLAUGHLIN, J.   Action for a separation on the ground of cruel and inhuman treatment and abandonment.  The answer admits the marriage, the abandonment, denies the allegations of cruel and inhuman treatment, and alleges that at the time the marriage ceremony was performed the plaintiff was married to one Pfeiffer, who was then living.  After issue had been joined, the plaintiff moved, upon notice, for alimony and counsel fee.  The motion was denied, and plaintiff appeals.

Upon the conceded facts I am of the opinion the plaintiff was entitled to a reasonable amount of alimony and counsel fee.  The marriage and abandonment being admitted, nothing is left of defendant's alleged defense, except that at the time the ceremony was performed the plaintiff was unable to enter into the marriage contract by reason of her marriage to Pfeiffer.  What is claimed as to this defense, as set forth in the affidavits used in opposition to the motion, is that the plaintiff was the common-law wife of Pfeiffer.  It is not even suggested that a marriage ceremony was ever performed between them, other than an oral agreement to assume such relations, and that such relations were assumed from about 1902 until the 18th of February, 1910, the time when the marriage ceremony between plaintiff and defendant took place. Pfeiffer died March 2, 1910.   The plaintiff denies that she was ever the common-law wife of Pfeiffer, or that an agreement of any kind was ever entered into between them by which such relations were assumed.   She does not deny that her relations with him were meretricious, but asserts that the defendant, prior to his marriage to her, was informed by her of that fact, and had full knowledge of it, and facts are set forth by her which, if true, tend in no small

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

degree to corroborate her in this respect. The marriage and subsequent abandonment being admitted, the remaining issue, as to whether the plaintiff were capable of entering into the marriage ceremony with the defendant, ought not to defeat her application for counsel fee, so that she can have that issue determined at a trial. In the meantime, defendant should be required to pay a reasonable amount for her support.

The order appealed from, therefore, should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs, requiring defendant to pay to the plaintiff $12.50 per week alimony and $150 counsel fee. All concur.